IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JASON CARL TAYLOR, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:22-CV-661-O |
| | § | (NO. 4:20-CR-206-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Came on for consideration the motion of Jason Carl Taylor under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply,[1] the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.    BACKGROUND**

On July 18, 2020, Arlington Police Department officers responded to an emergency call from Rodolfo Levya that a white male suspect with tattoos driving a gray four-door vehicle had pointed a black shotgun with a rubber grip at him. When officers arrived, they saw Movant, who matched the description of the assailant, in the driver's seat of a gray Mazda3. Brandi Smith and Cherokee Smith were also in the vehicle. When officers searched the vehicle, they found a 12-gauge shotgun between the driver's seat and the center console, as well as five shotgun shells in a firearm case. Officers also recovered baggies of marijuana and methamphetamine, along with counterfeit documents. CR ECF No.[2] 1; CR ECF No. 28, ¶¶ 7–9; CR ECF No. 59.

---

[1] The Court is not considering the new grounds Movant purports to raise in his reply. *See* ECF No. 2 (cautioning that new grounds could not be raised in a reply). *See United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992).
[2] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:20-CR-206-O.

On August 12, 2020, Movant was named in a one-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). CR ECF No. 13. Movant waived arraignment and entered a plea of not guilty. CR ECF No. 17. After the case was set for trial, Movant changed his plea. CR ECF No. 24. Movant and his counsel signed a factual resume setting forth the penalties Movant faced, the potential statutory enhancements under the Armed Career Criminal Act, the elements of the offense, and the stipulated facts establishing that Movant had committed the offense. CR ECF No. 21. Movant testified under oath at his rearraignment hearing that: he had discussed with his attorney the matter of sentencing and how the guidelines might apply in his case; he understood that the Court would not be bound by any stipulated facts and could impose a sentence above or below the guideline range; he had reviewed the indictment and understood the charge against him; he understood and admitted that he committed all of the essential elements of the offense charged; he was fully satisfied with the representation provided by his attorney; no one had made any promise or assurance or threat to coerce him to plead guilty; he understood that he could be imprisoned for a term not to exceed ten years, subject to enhancement under 18 U.S.C. § 924(e); and, he signed the factual resume and all of the facts stated in it were true. CR ECF No. 60.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 20. CR ECF No. 28, ¶ 24. He received a four-level enhancement for use or possession of the firearm in connection with another felony offense, aggravated assault. *Id.* ¶ 25. Specifically, Movant "pointed the shotgun at Levya and yelled, 'you better move somewhere or I'm gonna flatten you.'" *Id.* He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 31, 32. Based on a total offense level of 21 and a criminal

history category of VI, his guideline imprisonment range was 77 to 96 months. *Id.* ¶ 137. The PSR also included a discussion of factors that might warrant departure, *id.* ¶¶ 148, 149, and factors that might warrant a sentence outside the advisory guideline system. *Id.* ¶ 150. Movant filed objections, CR ECF No. 40, and the probation officer prepared an addendum to the PSR rejecting the objections. CR ECF No. 41.

The Court sentenced Movant to a term of imprisonment of 96 months. CR ECF No. 45. He appealed. CR ECF No. 48. The United States Court of Appeals for the Fifth Circuit affirmed his sentence. *United States v. Taylor*, No. 21-10557, 2022 WL 458392 (5th Cir. Feb. 15, 2022). Movant did not file a petition for writ of certiorari.

## II. GROUNDS OF THE MOTION

Movant asserts three substantive grounds in support of his motion, all alleging that he received ineffective assistance of counsel. First, counsel failed to investigate the allegations giving rise to the Section 2K2.1 enhancement. ECF No.[3] 1 at 4–8.[4] Second, counsel failed to challenge the credibility of Task Force Officer Cline and failed to call the responding officer at Movant's detention hearing. *Id.* at 9–12. Third, counsel sought multiple continuances, reflecting that he was unprepared for sentencing. *Id.* at 14–18. In his fourth ground, Movant alleges that these failures establish cumulative prejudice. *Id.* at 19.

---

[3] The "ECF No. __" reference is to the number of the item on the docket in this civil action.
[4] The reference is to "Page __ of 25" as reflected at the top right portion of the document on the Court's electronic filing system.

### III. APPLICABLE LEGAL STANDARDS

#### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

#### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings

4

would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

**IV. ANALYSIS**

In his first ground, Movant complains that his counsel failed to investigate the allegations pertaining to the 4-point enhancement. ECF No. 1 at 5. A decision not to investigate a particular matter is "assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Newbury v. Stephens*, 756 F.3d 850, 873 (5th Cir. 2014) (quoting *Strickland*, 466 U.S. at 690–91). To prevail, a movant must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the proceedings. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). He must show a reasonable probability that the result would have been different, that is, a probability sufficient to

5

undermine confidence in the outcome. *Newbury*, 756 F.3d at 873. The probability must be substantial, not just conceivable. *Id.*

Here, as the government points out, Movant's counsel had no need to investigate further, because the matters Movant now relies on were known at the time. That is, counsel knew at the time of Movant's detention hearing through his questioning of witnesses that the occupants of the vehicle with Movant did not corroborate Leyva's allegation that Movant had threatened him with a shotgun. CR ECF No. 59. Movant stipulated that he was in the driver's seat of the vehicle where the shotgun was located when officers responded to Leyva's call and that he matched the physical description of the individual with the gun described in the call. CR ECF No. 21 at 2. Movant admitted that he knowingly possessed the firearm. *Id.* at 3. The PSR reflected that four levels should be added to Movant's base offense level because he used or possessed the firearm in connection with another offense. CR ECF No. 28, ¶ 25. Movant filed objections, arguing that there was a "verbal altercation between the parties present, but Movant did not, nor did anyone else, point the shotgun at issue towards any other person." CR ECF No. 40 at 1. The addendum acknowledged the objection, but noted that Leyva's statements to police gave rise to the application of the enhancement. CR ECF No. 41. On appeal, Movant challenged the application of the enhancement and the appellate court determined that the information in the PSR was sufficiently corroborated to support the enhancement. *Taylor*, 2022 WL 458392, at *1.

In his second ground, Movant alleges that counsel was ineffective at the detention hearing by failing to challenge the credibility of Task Force Officer Cline, who testified on behalf of the government, and failing to call the responding officer as a witness.[5] ECF No. 1 at 9–10. He does

---

[5] The Court notes that, to the extent Movant is complaining about counsel's conduct at the detention hearing, that complaint was waived by his plea of guilty. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008); *United States*

not explain, however, what more counsel was to have done to challenge Cline's credibility or why calling the responding officer to testify would have made any difference whatsoever. Counsel questioned Cline and got him to admit that none of the three people in the car said a weapon was ever pulled on anyone; nobody other than the victim [Leyva] corroborated the idea that the shotgun had ever been pulled out; to Cline's knowledge, no one else who was present was interviewed; and, Cline was not present on the scene. CR ECF No. 59 at 11–12. How to cross-examine a witness is within counsel's discretion. *See Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983).

Movant has not overcome the strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Newbury*, 756 F.3d at 872–73. He has not shown what any further investigation would have revealed and how that new information would have made any difference. *Green*, 882 F.2d at 1003. Nor has he named any particular witness who would have testified on his behalf, set out the content of the proposed testimony, and shown that the testimony would have been favorable so as to have made a difference in the outcome. *Gregory v. Thaler*, 601 F.3d 347, 352–53 (5th Cir. 2010).

In his third ground, Movant alleges that statements made by counsel in various motions to continue the sentencing show that counsel was not sufficiently prepared. ECF No. 1 at 14–15. He says that his counsel "lacked due diligence" and failed to "conduct an adequate investigation," but does not specify what his counsel did or failed to do that fell below the wide range of reasonable professional assistance. His conclusory allegations are insufficient. *Miller*, 200 F.3d at 282.

Finally, in his fourth ground, Movant alleges that the cumulative effect of his counsel's errors was so great that he was denied effective assistance of counsel. ECF No. 1 at 19. For all of

---

*v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000).

the reasons discussed, Movant has not established that counsel was ineffective in any respect.[6] There is no error to cumulate. *Miller*, 200 F.3d at 286 n.6. *See also United States v. Hall*, 455 F.3d 508, 520 (5th Cir. 2006) ("ineffective assistance of counsel cannot be created from an accumulation of acceptable decisions and actions").

## V.   CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 10th day of January, 2023.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[6] As the government notes, had counsel been as aggressive as Movant contends he should have been, Movant might well have lost acceptance of responsibility. ECF No. 7 at 12 & n.4.